IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02082-MSK-KMT

CHRISTINA HERNANDEZ,

      Plaintiff,

v.

ASSET ACCEPTANCE, LLC, a Delaware limited liability company,

      Defendant.

---

## ORDER AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

      This matter comes before the court on "Defendant Asset Acceptance, LLC's Motion to Dismiss." (Doc. No. 13, filed Oct. 4, 2012 ["Mot."].)  Additionally, the court considers "Plaintiff's Motion to Compel the Defendant's Responses to the Plaintiff's Written Discovery Requests Pursuant to Fed. R. Civ. P. 33, 34, and 37." (Doc. No. 33, filed March 8, 2013.)

## I.    *FACTUAL AND PROCEDURAL BACKGROUND*

      The following facts are taken from Plaintiff's Amended Complaint (Doc. No. 11 ["Am. Compl."]) and documents attached to or incorporated by reference therein.[1]  Plaintiff maintains

---

[1] In deciding a Rule 12(b)(6) motion, the court may consider documents that the complaint incorporates by reference.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (documents attached as exhibits to the complaint).

that, on several occasions, Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by communicating to Experian, a credit reporting agency, information regarding a debt without also communicating that Plaintiff "disputed" the debt.

Plaintiff allegedly incurred a financial obligation ("the Debt") to Xcel Energy and defaulted on the Debt. (Am. Compl., ¶¶ 18, 20.) Defendant acquired the Debt for collection purposes. (*Id.*, ¶ 21.)

On May 5, 2011, Plaintiff placed a phone call to Defendant and stated to one of its employees that she disputed the Debt. (*Id.*, ¶¶ 34-43.) In June 2011, Defendant communicated information regarding the Debt to Experian, a credit reporting agency, but did not communicate the fact that Plaintiff disputed the Debt. (Ex. 4; *see also* Scheduling Order, Doc. No. 34 at 4-5, *Hernandez v. Asset Acceptance, LLC,* Case No. 11-cv-01729-PAB-MEH [hereinafter "*Hernandez I*"].)

On July 1, 2011, Plaintiff commenced a lawsuit, *Hernandez I*, against Defendant, alleging violations of 15 U.S.C. §§ 1692e(2)(A), e(8), e(10), and 1692f for Defendant's failure to report the Debt as disputed between May 5, 2011 and July 1, 2011. (*See* Ex. A; Compl.; Doc. No. 1, *Hernandez I*.)[2] In August 2011, approximately one month after filing her Complaint in *Hernandez I*, Defendant again communicated information to Experian about the Debt, but

---

[2] In addition to being permitted to consider documents referred to and relied on in Plaintiff's Complaint, it is also appropriate for the court to take judicial notice of the pleading and decisions in a prior case involving the same parties. *Merswin v. Williams Cos., Inc.,* 364 F. App'x 438, 441 (10th Cir. 2010) (citing *Amphibious Partners, LLC,* 534 F.3d 1357, 1361-62 (10th Cir. 2008); *St Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir. 1979)).

allegedly did not communicate that Plaintiff disputed the debt.  (Am. Compl. ¶¶ 64, 69.)
Defendant allegedly did so again in October and November 2011.  (Am. Compl., ¶¶ 71, 76, 78,
83.)

Just over four weeks prior to trial in *Hernandez I,* Plaintiff commenced this lawsuit in
order to challenge Defendant's August, October, and November 2011 communications with
Experian.  (*See* Compl, Doc. No. 1.)  On August 10, 2012, Plaintiff filed a Notice of Case
Association pursuant to Local Rule 7.5 to inform this court of *Hernandez I.*  (Doc. No 4.)

Beginning on September 10, 2012, a jury trial was held in *Hernandez I.*  (*See* Courtroom
Minutes, Doc. No. 61, *Hernandez I.*)  On September 11, 2012, the jury rendered a verdict in
favor of Defendant.  (*See* Courtroom Minutes, Doc. No. 62, *Hernandez I.*)  Final judgment was
entered in favor of Defendant on September 21, 2012.  (Doc. No. 63, *Hernandez I.*)

On September 20, 2012, Plaintiff filed an Amended Complaint, which is now the
operative pleading in this case.  (Am. Compl.)  Plaintiff's Amended Complaint asserts a claim
for violations of 15 U.S.C. §§ 1692e(2)(A), e(8), e(10), and 1692f of the FDCPA for Defendant's
failure to report the Debt as disputed during the months of August, October and November 2011.
(*Id.*, ¶ 114.)  Plaintiff seeks monetary damages pursuant to 15 U.S.C. § 1692k(a), and attorney's
fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).  (*Id.* at 17.)

Defendant filed its Motion to Dismiss on October 4, 2012.  (Mot.)  Plaintiff filed a
Response on October 25, 2012.  (Doc. No. 15 ["Resp."]).  Defendant filed its Reply on
November 8, 2012.  (Doc. No. 20 ["Reply"]).  Accordingly, this matter is ripe for review and
recommendation.

3

## I.      MOTION TO DISMISS

### A.      Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)

(2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that

the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally

sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d

1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual

allegations are true and construes them in the light most favorable to the plaintiff." *Bellmon*, 935

F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts

which allow "the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court

identifies "the allegations in the complaint that are not entitled to the assumption of truth," that

is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at

678-80. Second, the Court considers the factual allegations "to determine if they plausibly

suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief,

such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citation omitted).

**B.    Analysis**

**1.    Claim-Splitting**

As a threshold matter, Defendant maintains, in the alternative to the claim preclusion argument discussed *infra*, that this suit is properly dismissed because Plaintiff has engaged in improper claim-splitting.  (Mot. at 9-11.)  The Tenth Circuit has recognized that claim-splitting is an aspect of *res judicata,* or claim preclusion.[3]  *Hartsel Spring Ranch of Colo., Inc. v. Bluegreen Corp.,* 296 F.3d 982, 986 (10th Cir. 2002) (collecting cases for the proposition that "more recent cases analyze claim-splitting as an aspect of *res judicata*"); *Katz v. Gerardi,* 655

---

[3] For purposes of clarity, this court hereinafter employs the term "claim preclusion" instead of "*res judicata,*" except when directly quoting from other cases.  *See Migra v. Warren City Sch. Dist.,* 465 U.S. 75, 76 n.1 (1984); *Yapp v. Excel Corp.,* 186 F.3d 1222, 1226 n.1 (10th Cir. 1999).

F.3d 1212, 1217 (10th Cir. 2011).  Although "claim splitting is more concerned with the district court's comprehensive management of its docket, whereas *res judicata* focuses on protecting the finality of judgments," claim-splitting and claim preclusion both serve the same interests of promoting judicial economy and shielding parties from vexatious concurrent or duplicative litigation," *Katz,* 655 F.3d at 1218.

The primary distinction between claim splitting and claim preclusion is whether a final judgment has entered in the purportedly duplicative prior action.  *Id.*  In other words, a dismissal on claim-splitting grounds is appropriate where the two duplicative cases are both ongoing, whereas claim preclusion provides the appropriate basis for dismissal when a final judgment has been entered on the first suit.  *Id.* ("[I]n the claim-splitting context, the appropriate inquiry is whether, *assuming that the first suit were already final,* the second suit could be precluded pursuant to claim preclusion." *Id.* (quoting *Hartsell,* 296 F.3d at 987 n.1) (emphasis in original).

Here, final judgment has been entered in *Hernandez I.*  Thus, at this juncture, Defendant's claim-splitting argument is inapposite.  Instead, the appropriate inquiry is whether this suit is barred on claim preclusion grounds by the final judgment entered in *Hernandez I.*

## 2. *Claim Preclusion*

Defendant argues this suit is barred by the doctrine of claim preclusion based on the final judgment entered in *Hernandez I.*  (Mot. at 4-11.)  The court agrees.

"Under *res judicata,* or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action."  *Wilkes v. Wyoming Dep't of Emp't,* 314 F.3d 501, 504-05 (10th Cir. 2002)

(citing *Stasky v. Paramount Commc'ns, Inc.,* 7 F.3d 1464 (10th Cir. 1993)) (emphasis in original).  Claim preclusion requires (1) a judgment on the merits in the earlier action; (2) identity of the parties or privies in the two suits; and (3) identity of the cause of action in both suits."[4] *Yapp*, 186 F.3d at 1226.

The parties do not dispute that the first two elements of the claim preclusion inquiry are satisfied in this case.  They dispute whether the "cause of action" in this case is identical to that in *Hernandez I.*

The Tenth Circuit employs the transactional approach of the Restatement (Second) of Judgments to determine what claims constitute identity of the causes of action.  *Yapp,* 186 F.3d at 1227 (citing *Petromanagement Corp. v. Acme-Thomas Joint Venture,* 835 F.2d 1329, 1335-36 (10th Cir. 1988)).  Under this test, claims "arising out of the same 'transaction, or series of connected transactions' as a previous suit" are precluded.  *Id.* (quoting Restatement (Second) of Judgments § 24 (1982)).

> What constitutes the same transaction or series of transactions is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a

---

[4]Defendant addresses a fourth element in its *res judicata* analysis, whether the plaintiff had a full and fair opportunity to litigate the claim in a prior suit.  (Mot. at 6-9.)  The Tenth Circuit has explained that the three elements noted above herein

> are in most circumstances all that are necessary for a principled application of the doctrine of claim preclusion.  Consequently, the absence of a full and fair opportunity to litigate should be treated as an exception to the application of claim preclusion when the three referenced requirements are otherwise present.

*Yapp*, 186 F.3d at 1227 n.4.

> convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

*Id.* (quoting Restatement (Second) of Judgments § 24).

Plaintiff maintains that this suit is not precluded the final judgment entered in *Hernandez I* because it is based on facts that arose after Plaintiff filed suit in *Hernandez I*—namely the August, October, and November 2011 communications with Experian. (Resp. at 3.) Defendant acknowledges that those communications occurred after Plaintiff filed suit in *Hernandez I*, but argues that this action is nevertheless barred because it relates to the same course of conduct as *Hernandez I*. (*See* Reply at 4.)

"Under the transactional test, a claim should not be precluded merely because it is based on facts that arose prior to the entry of judgment in the previous action." *Hatch v. Boulder Town Council,* 471 F.3d 1142, 1149 (10th Cir. 2006); *see also Mitchell v. City of Moore,* 218 F.3d 1190, 1202 (10th Cir. 2000) (stating in dicta "we agree with those courts holding the doctrine of claim preclusion does not necessarily bar plaintiffs from litigating claims based on conduct that occurred after the initial complaint was filed" in the previous suit). As the Tenth Circuit stated in *Hatch,*

> The filing of the plaintiff's complaint frames the scope of litigation, establishing a transactional nexus into which facts and claims are fitted or excluded for purposes of claim preclusion. "New" claims, arising after the complaint has been filed, but before judgment, may be excluded from this transactional nexus, and thus be litigated in a subsequent action. As the Second Circuit has explained:
>
> > For purposes of res judicata, the scope of litigation is framed by the complaint [in the prior action] at the time it is filed. The *res judicata* doctrine does not apply to new rights acquired during the action which might have been, but which were not, litigated.

> Although a plaintiff may seek leave to file a supplemental pleading [pursuant to Fed. R. Civ. P. 15(d)) to assert a new claim based on actionable conduct which the defendant engaged in after a lawsuit is commenced, he is not required to do so.

471 F. 3d at 1150 (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 126 F.3d 365, 369-70 (2d Cir. 1997). *See also Mitchell,* 218 F.3d at 1202-03 (suggesting, in dicta, that the Tenth Circuit would follow the Second Circuit's approach; and collecting cases). *See also, e.g.*, *Rawe v. Liberty Mut. Fire Ins. Co.,* 462 F.3d 521, 530 (6th Cir. 2006) (following majority rule that "the opportunity to file a supplemental complaint [to allege ongoing wrongdoing] is not an obligation."); 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4409, at 213 (2d ed. 2002) (same).

"This *does not mean*, however, that a plaintiff can avoid supplementing his complaint with facts *that are part of the same transaction* asserted in the complaint, in the hope of bringing a new action arising out of the same transaction on some later occasion."[5]  *Hatch,* 471 F.3d at 1150 (first emphasis added, second emphasis in original).  Instead, "[u]nder the transactional test, a new action will be permitted only where it raises *new and independent claims,* not part of the previous transaction, based on the new facts."  *Id.* (quoting *Storey v. Cello Holdings, LLC,* 347 F.3d 370, 384 (2d Cir 2003)) (emphasis in original).

Hatch thus makes clear that, even when the claims asserted in a second lawsuit arose after the filing date of the first lawsuit, the transactional approach still governs whether those

---

[5] Plaintiff makes much of the fact that Defendant never moved to consolidate this case with *Hernandez I.*  This portion of *Hatch* makes clear that *Plaintiff* may have had a duty to supplement her complaint in *Hernandez I* with the present claim.

claims are precluded.  In other words, such claims may still be barred where they are part of the same transaction or series of transactions as the first lawsuit.

Under this view, the court has no doubt that Plaintiff's claim in this action is precluded. To be sure, the August, October, and November 2011 communications with Experian underlying Plaintiff's present claim may amount to separate and distinct alleged violations of the FDCPA. *See, e.g.,* 15 U.S.C. §§1692e(2)(A) (prohibiting the false representation of the character, amount or legal status of any debt); 1692e(8) (a "failure to communicate that a disputed debt is disputed" constitutes a violation of the FDCPA), 1692e(10) (prohibiting the "use of any false representation or deceptive means to collect or attempt to collect any debt").  *See also Goins v. JBC & Assocs., P.C.,* 352 F. Supp. 2d 262, 266-67 (D. Conn. 2005) (Even if a letter that allegedly violated the FDCPA were part of the same debt collection as a prior suit, that letter constitutes a separate event which may violate the FDCPA independently of prior communications from the defendants).  Thus, in that sense, Plaintiff's present claim is arguably a "new" claim.  *Hatch,* 471 F.3d at 1150.

However, the court finds that this "new" claim is not "*independent*" from the claims at issue in *Hernandez I.  Id.* (emphasis added).  The claims in both this action and *Hernandez I* challenge separate instances of the very same course of conduct—Defendant's failure to report the Debt to Experian as disputed after Plaintiff's May 5, 2011 telephone call.  *But see Goins,* 352 F. Supp. 2d at 266-67.  Indeed, because Plaintiff must necessarily utilize the May 5, 2011 telephone call as evidence that she disputed the Debt, "the facts that have accumulated after the

first action are [not] enough *on their own*" to sustain this action.  *Storey,* 347 F.3d at 384 (cited

with approval in *Hatch,* 471 F.3d at 1150) (emphasis added).

A straightforward application of the transactional approach of the Restatement (Second)

of Judgment further demonstrates why Plaintiff's present claim is precluded.  First, Plaintiff's

claim is closely related in time to the claims asserted in *Hernandez.*  The August 2011

communication with Experian occurred only two months after the May 2011 communication at

issue in *Hernandez I* and the October and November 2011 communications followed shortly

thereafter.  Second, Plaintiff's claim here and those asserted in *Hernandez I* all have a common

origin—Plaintiff's May 5, 2011 telephone call disputing the Debt.  Third, Plaintiff's motivation

for filing both *Hernandez I* and this suit clearly are the same—to recover damages for

Defendant's failure to report the Debt as disputed and prevent Defendant from doing the same in

the future.

Fourth, Plaintiff's claim here also would have formed a convenient trial unit with the

claims asserted in *Hernandez I.*  Trial in Hernandez I did not commence until September 10,

*2012*, over a year subsequent to the August 2011 communication and over ten months

subsequent to the last complained of report in November 2011.  If Plaintiff would have

supplemented her complaint in *Hernandez I* to add her present claims, the *Hernandez I* jury

would have been called upon to determine only whether a few additional communications to

Experian, which were essentially identical to the one it actually considered, constituted a

violation of the FDCPA.  Indeed, in this respect, Plaintiff's attempt to assert her present claim

here, rather by way of a supplemental complaint in *Hernandez I,* amounts to a waste of scare

judicial resources.  Defendant also had, and Plaintiff should have had, a reasonable expectation that all challenges to Defendant's conduct would be conclusively resolved in a single action.

Ultimately, the court finds that, even though the alleged violations of the FDCPA at issue in this case occurred after Plaintiff filed suit in *Hernandez I,* those violations were part of the same transaction or series of transactions as the conduct challenged in *Hernandez I.*  As such, pursuant to *Hatch,* the court finds that Plaintiff's claim in this action is precluded by the final judgment entered in *Hernandez I.*[6]

## II.     MOTION TO COMPEL

Plaintiff has now propounded in this new case significantly burdensome discovery requests both including information she received in *Hernandez I* and additional far reaching requests.  Fed. R. Civ. P. 26(b)(2)(C) provides:

> (C) When Required. On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> > (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> > (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

---

[6] Defendant also argues that Plaintiff chose to assert his present claim in this action rather than in *Hernandez I* in order to circumvent the statutory damages limit for each lawsuit.  (Mot. at 8 (citing *White v. Bruck,* 927 F. Supp. 1168 (W.D. Wis. 1996) for the proposition that statutory damages under the FDCPA are capped at a maximum of $1,000 per lawsuit, not per violation). The court acknowledges the possibility that this was Plaintiff's motivation for filing this suit separately from *Hernandez I.*  Nevertheless, the court need not address this argument to determine whether claim preclusion applies.  *See also Goins,* 352 F. Supp. 2d at 267 (There is no prohibition in the FDCPA against separeate lawsuits for separate violations of the FDCPA by the same defendant).

> (iii) the burden or expense of the proposed discovery outweighs its
> likely benefit, considering the needs of the case, the amount in
> controversy, the parties' resources, the importance of the issues at
> stake in the action, and the importance of the discovery in
> resolving the issues.

*Id.* This court finds that the discovery sought in this matter is cumulative and duplicative of that received and deemed sufficient for a trial on the merits in *Hernandez I*. Further to allow such expansive extra discovery as sought by Plaintiff far exceeds the amount reasonable given the limited amounts which are at stake in the action and the importance of the discovery in resolving the issues. In fact, it is clear to this court that Plaintiff is simply attempting to drive the costs of litigation between these parties up to force future settlements in similar cases. There are at least eight cases in this district which have been brought by Plaintiff's attorney against this defendant and well over one hundred FDCPA cases represented by the same counsel as is present in this case on both sides of the litigation, albeit with different parties. Discovery is designed to afford the parties to litigation an opportunity to fully explore the factual basis for their claims and defenses in preparation for trial, not to cause "annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).

In addition, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

13

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.

*See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PAC, 2006 WL

894955, *2 (D. Colo. 2006) (unpublished).  Fed. R. Civ. P. 26(c) does, however, provide

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

*Id.*  This court, when considering a stay of discovery, may consider and weigh: "(1) plaintiff's

interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff

of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of

persons not parties to the civil litigation; and (5) the public interest."  *Id.; See also FDIC v.*

*Renda*, No. 85-2216-O, 1987 WL 348635, *2 (D. Kan. 1987) (unpublished).  Indeed, "a court

may decide that in a particular case it would be wise to stay discovery on the merits until [certain

challenges] have been resolved."  8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND

PROCEDURE § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case,

the court has discretion to stay discovery on other issues until the critical issue has been

decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc*., 200 F.3d 795, 804 (Fed. Cir.

1999) ("When a particular issue may be dispositive, the court may stay discovery concerning

14

other issues until the critical issue is resolved.").

In weighing the factors for determination of the propriety of a stay, the court finds that a stay is appropriate here.

Therefore it is **ORDERED**

1. "Plaintiff's Motion to Compel the Defendant's Responses to the Plaintiff's Written Discovery Requests Pursuant to Fed. R. Civ. P. 33, 34, and 37" (Doc. No. 33) is DENIED and the Motion Hearing set for April 8, 2013 is **VACATED**.

2. Discovery in this case is **STAYED** pending ruling on this court's Recommendation as set forth herein.

Further, the court respectfully

**RECOMMENDS** that "Defendant Asset Acceptance, LLC's Motion to Dismiss" (Doc. No. 13) be **GRANTED** and that this action be dismissed with prejudice.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

15

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of April, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

16