IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 12-cv-02082-MSK-KMT

CHRISTINA HERNANDEZ,

    Plaintiff,

v.

ASSET ACCEPTANCE, LLC, a Delaware limited liability company,

    Defendant.

## OPINION AND ORDER ADOPTING RECOMMENDATION AND DISMISSING PLAINTIFF'S CLAIMS

**THIS MATTER** comes before the Court on the Recommendation **(#41)** of United States Magistrate Judge Kathleen M. Tafoya that the Defendant Asset Acceptance's Motion to Dismiss **(#13)** be granted. The Plaintiff Christina Hernandez timely filed Objections **(#45)** to the Recommendation.

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court shall make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made. *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

In her Amended Complaint **(#11)**, Ms. Hernandez claims that the Defendant, a debt collection agency, violated the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. §1692e(2)(A), e(8), e(10), and § 1692f, when it failed to communicate to Experian, a credit reporting agency that she disputed a debt she had incurred. According to the Amended

Complaint, Ms. Hernandez allegedly incurred a debt with Xcel Energy and defaulted on the debt. The account was transferred to the Defendant for collection. In May 2011, Ms. Hernandez reviewed a copy of her Experian credit report and saw the Defendant's entry for the Xcel account on the report. On May 5, 2011, she called the Defendant to dispute the account. In June, August, October, and November 2011, the Defendant allegedly failed to communicate to Experian that Ms. Hernandez's Xcel Energy account was disputed. Ms. Hernandez asserts that this "Complaint and Jury Demand only seeks relief for activity that occurred after August 7, 2011." She seeks statutory damages available under the FDCPA, as well as attorney fees and costs.

By way of additional background, the Court notes that on July 1, 2011, Ms. Hernandez initiated Civil Action No. 11-cv-01729 (*Hernandez I*).[1] In that case, Ms. Hernandez claimed that in June 2011, the Defendant violated the FDCPA by failing to report the Xcel Energy account as disputed between May 5, 2011 and July 1, 2011. She alleged violations of 15 U.S.C. § 1692e(2)(A), e(8), e(10) and § 1692f. A two-day jury trial was held on September 10, 2012. The jury returned a verdict in favor of the Defendant. Final judgment was entered in *Hernandez I* on September 21, 2012.

As relevant here, the Defendant moved to dismiss **(#13)** Ms. Hernandez's claims in this case under the doctrine of *res judicata*, also referred to as claim preclusion. The matter was referred to the Magistrate Judge, who recommends that the motion be granted. The Magistrate Judge found that Ms. Hernandez's claims must be dismissed because the claims asserted in this

---

[1] In addition to being permitted to consider documents referred to and relief on in Ms. Hernandez's Amended Complaint, it is also appropriate for the Court to take judicial notice of the pleading and decision in a prior case involving the same parties. *Merswin v. Williams Cos., Inc.*, 364 F.App'x 438, 441 (10th Cir. 2010).

2

case arise from the same transaction, or series of transactions, as the claims asserted in *Hernandez I*.

Ms. Hernandez objects to the Magistrate Judge's factual conclusion that her claims in this case arise out of the same transaction as those asserted in *Hernandez I*. Specifically, she argues that her claims here can be proven with evidence of new facts that occurred after *Hernandez I*. She alleges that here, she can rely on pleadings filed in *Hernandez I* to establish that she disputed the account, rather than rely on evidence of the May 5, 2011 phone call. She argues that because *Hernandez I* occurred after the conduct she alleged in that action, her claims in this case rely on independent facts.

"Under *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action." *Wilkes v. Wyoming Dep't of Emp't*, 314 F.3d 501, 504-05 (10th Cir. 2002) (citing *Stasky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464 (10th Cir. 1993)) (emphasis in original). Claim preclusion requires a judgment on the merits in an earlier action, identity of the parties in the two suits, and identity of the cause of action in both suits. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999). To determine whether the claims in two suits are identical, it must be determined whether the claims arise out of the same transaction, or series of connected transactions. *Id.* at 1227. "[A] new action will be permitted only where it raises *new and independent claims*, not part of the previous transaction, based on the new facts." *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1150 (10th Cir. 2006) (emphasis in original).

Upon *de novo* review of the Recommendation, the Court reaches the same conclusions articulated in the Recommendation for substantially the same reasons. Contrary to Ms. Hernandez's view, her claims in this action are not independent simply because they allege

conduct that occurred after *Hernandez I*. Even if she were to rely on pleadings in that case to establish that she disputed the account, the pleadings depend on the fact of the May 5, 2011 phone call to establish the dispute. The claims here relate to the same disputed account, and they involve separate instances of the same course of conduct by the Defendant — that is, the Defendant's failure to report the account as disputed after the May 5, 2011 phone call. Thus, although the Defendant's conduct in August, October, and November 2011 could have amounted to additional violations of the FDCPA, those violations are not independent from the claims at issue in *Hernandez I*.

Finally, the Court sees no reason why Ms. Hernandez could not have moved to amend her complaint in *Hernandez I* to include allegations of the conduct that occurred in August, October, and November 2011. The trial in *Hernandez I* occurred over a year after she filed her complaint in that case. Had she amended her complaint in *Hernandez I*, the jury could have been called upon to determine whether the Defendant's additional communications with Experian constituted violations of the FDCPA. A plaintiff cannot "avoid supplementing his complaint with facts *that are part of the same transaction* asserted in the complaint, in the hope of bringing a new action arising out of the same transaction on some later occasion." *Hatch*, 471 F.3d at 1150 (emphasis in original).

For the forgoing reasons, the Plaintiff's Objections **(#45)** are **OVERRULED** and the Recommendation **(#41)** is **ADOPTED** to the extent it recommends that the Plaintiff's claims be dismissed. The Defendant's Motion to Dismiss **(#13)** is **GRANTED** and the Plaintiff's claims in this case are **DISMISSED** in their entirety, with prejudice. The Clerk of the Court shall close this case.

Dated this 10th day of September, 2013.

5

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge

5